**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID MICHAEL MONTGOMERY,<br># 412797, SID # 2405284<br><br>Plaintiff,<br><br>v<br><br>ANIMATION ADVENTER'S,<br>COMPUTER GAME INTERNET OWER,<br>ALL VIEWERS<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br><br>*<br>*<br>*** | <br><br><br><br><br>Civil Action No. ELH-15-1772 |

**O R D E R**

On June 16, 2015, David Michael Montgomery filed suit on a pre-printed court form for filing a prisoner civil rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. Montgomery, who is self-represented, is an inmate at Western Correctional Institution in Cumberland, Maryland. He claims defendant has violated unspecified "Amendments" by stealing his ideas and "blending" and "killing him" in a "game." ECF 1 at 3. Presumably, Montgomery is alluding to a video game although he does not state its name or specify that it is produced by defendant. Montgomery also claims "Adventer's Inter Game" is violating his privacy when he is in the shower. *Id*. As relief, he asks to become the owner of Animation Adventures and seeks $1 million dollars. *Id*.

Title 28 U.S.C. § 1915 permits an indigent litigant to file in forma pauperis, which allows a federal court action to be commenced without prepaying the administrative costs of proceeding with the lawsuit. However, the statute limits the actions that may be filed by permitting the court to dismiss the case upon finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2) (B)(i), (ii). Therefore, this court must conduct a preliminarily review of complaint allegations before service of process and

dismiss them if satisfied that the complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a *pro se* litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id*. at 325; *see Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted). *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327.

Montgomery's claims are incredible and irrational. Title 42 U.S.C. § 1983 requires a plaintiff to prove that the defendant is a person who has deprived him of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Montgomery has not shown defendant is a "person" subject to suit under 42 U.S.C. § 1983. Even according liberal review to the complaint, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007), dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke*, 490 U.S. at 325–28.

Notably, since 2013, Montgomery has filed seventeen (17) actions in this Court, all of which have been assigned to me. In one of them, *Montgomery v. Conmed, Inc.*, ELH-13-930, I appointed counsel for Montgomery. But, he has been cautioned about frivolous law suits in other cases. *See, e.g.*, ELH-15-1533 (ECF 2); ELH-15-1345 (ECF 3); ELH-14-3885 (ECF 3).

In light of all of of the above, the complaint will dismissed pursuant to 28 U.S.C. 1915(e)(2)(B). Montgomery is hereby notified that this dismissal shall serve as a strike for purposes of 28 U.S.C. § 1915(g) (a prisoner litigant will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury); *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999) (§1915(g) referred to as "three strikes" provision).

This is the third "strike" assigned to Montgomery. *See Montgomery v. Bonsale*, Civil Action No. ELH-14-3885 (D. Md. 2014) (assigning Montgomery his first "strike" under 28 U.S.C. § 1915(g); *Montgomery v. Warden*, Civil Action No. ELH-15-1533 (assigning Montgomery his second "strike" under 28 U.S.C. § 1915(g)). Montgomery is advised that pursuant to 28 U.S.C. § 1915(g), he will be barred from filing new cases unless he first submits the entire civil filing fee or shows imminent danger of serious physical injury.

Accordingly, it is this 1st day of July, 2015, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion to Proceed in Forma Pauperis is GRANTED for the limited purpose of initial review of the Complaint;

2. The Complaint IS DISMISSED pursuant to 28 U.S.C. 1915(e)(2)(B);

3. Plaintiff IS ASSIGNED a third "strike" pursuant to 28 U.S.C. § 1915(g) and shall be flagged on the docket as such;

4. The Clerk SHALL CLOSE this case; and

5. The Clerk SHALL SEND a copy of this Order to plaintiff.

_________/s/___________________
Ellen L. Hollander
United States District Judge